**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GARRETT T. ELLIS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-26-2176 |
| | * | |
| LIFE BRIDGE HEALTH, INC., | * | |
| | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Garrett T. Ellis ("Plaintiff"), who is self-represented, filed this employment discrimination action in state court against Life Bridge Health, Inc. ("Life Bridge") and Ashleigh Elza (collectively "Defendants"). ECF 3. Defendants removed the action to this Court, ECF 1, and filed a motion to dismiss the complaint, ECF 10. In his response, Plaintiff included a motion for leave to file a First Amended Complaint which adds a new defendant and asserts no claims against the individual defendant, Elza. ECF 12, 12-1. Defendants filed an opposition asserting that the proposed Amended Complaint would be futile, ECF 13. For the reasons stated herein, Plaintiff's motion to amend, ECF 12, will be granted and the Clerk will be directed to file ECF 12-1 as the amended complaint, without prejudice to Life Bridge's ability to renew its substantive arguments in a motion to dismiss. Defendants' motion to dismiss the original complaint, ECF 10, will be denied as moot.

### I.    LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment."

1

*Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Life Bridge[1] argues that the proposed amendment would be futile because the proposed Amended Complaint still fails to state a claim. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980),

---

[1] The proposed Amended Complaint does not name Elza as a Defendant, ECF 12-1, so the futility arguments belong to the remaining Defendant, Life Bridge. Instead, the Amended Complaint names a new Defendant, Sinai Hospital of Baltimore, Inc. *Id.*

*cert. dismissed*, 448 U.S. 911 (1980))). This Court has discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

In sum, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

This Court has reviewed the claims asserted by Plaintiff in ECF 12-1 and finds that they cannot fairly be described as "clearly insufficient or frivolous on its face." The proposed amended complaint provides some additional facts relevant to Plaintiff's claims, eliminates the claims against the individual defendant, and adds a new named corporate defendant. Futility does not provide a basis for its dismissal.

Accordingly, this Court will grant the motion for leave to amend, ECF 12, and permit Plaintiff to file ECF 12-1 as his Amended Complaint. Life Bridge, of course, is free to refile all of its "futility" arguments for this Court's substantive consideration under the Rule 12(b)(6) standard.

3

Though this procedure is somewhat lacking in efficiency, allowing Plaintiff's amendment will not prejudice Life Bridge and will produce the cleanest record for the parties to proceed with this case.

A separate Order follows, which will (1) grant ECF 12, (2) deny as moot ECF 10, and (3) direct the Clerk to file ECF 12-1 as the Amended Complaint and terminate the individual defendant since she is no longer named.


Dated: July 27, 2026                                         _____/s/_____
                                                             Stephanie A. Gallagher
                                                             United States District Judge